

Alan Wilmot <alan@heitnerlegal.com>

## Re: BBTO et al. -24-cv-334

**Darren Heitner** <darren@heitnerlegal.com>  Sat, Jun 1, 2024 at 11:56 AM
To: Frank Niu <niu@mainleaf-law.com>
Cc: Alan Wilmot <alan@heitnerlegal.com>, Mainleaf Settlement <settlement@mainleaf-law.com>, "cwallace@scalefirm.com" <cwallace@scalefirm.com>

Charles,

This is time sensitive so please let us know today if possible as we need to advise the court of your position. Let me know if you want to get on a call. Thanks.



### DARREN ADAM HEITNER

**Founder** | Heitner Legal, P.L.L.C.

Adjunct Prof. at UF Law & Miami Law
Author, How to Play the Game (ABA)
Arbitrator, American Arbitration Association

Darren@HeitnerLegal.com

  

On Sat, Jun 1, 2024 at 11:50 AM Frank Niu <niu@mainleaf-law.com> wrote:
> Dear Charles,
>
> Our clients below will move the court to continue the Monday hearing for the preliminary injunction for 14 days, so that they'll have the time to prepare a response. Would plaintiff non-oppose the motion?
>
> yzg A26YSAKOMKFIM5
> /ruizong 2189986
> Gircss Direct. A1NYRITZGAQB8F
> Venbow A35G7MW88WGPKK
> AHAOIN A324CMTGSVBAZL
> GodbL A1YBWV3F72ZC8I
> GOOUDO-US A2XBFH4UCTRKZM
> GOOUDO 10001194824
> kemirui ANFCPT2T775IB
> Shayee Zone A1FCFD0HNMQFY7
> Margo D A3VUNRK0TXR1PM
> VoMii Health Direct US A3992N65F7CFV0
> Vquand US A1GCXN2ZISSLKW
> rorpove A9MNKFAK45E26
> VITKSTAR store A1SPJUX0A8D7A8
> VEER HOME & LIVING 2834183249
> WesMouning A3F53BFDDA03AQ
> Kerthhan A6GD2QOOXSBXR
> zudun A1UBO4JE5QIDR2
> aolantai AUQWPJ3QAPGFD
> nancyluo123 ARXSXLWLZ6J10
> DSWTOPUS A3HN9PB7O63Y58
> AMZ-Designs AGWCBBFD5RH6P
> companion

Foot companions Shop/ QingXin Daily Necessities 5683415034791
QingXin Daily Necessities 321091538249
Companion Shoes 5808615852
VoMii Health Direct US A3992N65F7CFV0
Vquand US A1GCXN2ZISSLKW
Vsonker US A2TPU0TF6RZLCS
Wenanbeino AP0XLF8SQSXGG
BBTO A3EPDNLGP3TT17

Thanks

Frank

Yue Niu Esq.
Partner
Mainleaf Law Group PLLC

---

From:Frank Niu <niu@mainleaf-law.com>
Send Time:2024 May. 30 (Thu.) 11:31
To:"cwallace@scalefirm.com"<cwallace@scalefirm.com>
Cc:Darren Heitner<darren@heitnerlegal.com>; Mainleaf Settlement<settlement@mainleaf-law.com>
Subject:Re: BBTO et al. -24-cv-334

Hi Charles,

This case is a re-litigation of a 23-cv-24461 lawsuit in Florida where your client sued our clients prsumably for the same thing and upon defense, voluntarily dismissed all defendants because he knows he can't win. Our clients were generous enough not to seek recourse against plaintiff for the wrongful asset freeze and fees in that first case, but plaintiff disappointingly chose to bring its frivolous claim again in this court and hide away these truth from their new counsel. Attached for your reference is the response to PI motion in that first case explaining why plaintiff's case lacks merit.

Plaintiff received accurate address information of at least some of the defendants in that first case as part of the platform production and he also knew defendant counsel's contact information. As such, plaintiff's application of an ex parte TRO without notice to opposing party is wrongful. See, e.g., Martin v. Puckett, 2008 WL 4545331, at *3 (N.D. Ind. Oct. 10, 2008) ("An ex parte TRO may be warranted where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing...Neither of these scenarios is present here. The Plaintiff knows the identities of the Defendants and has even provided the Court with their contact information"); Turley v. Rednour, 2011 WL 1898187, at *3 (S.D. Ill. Apr. 1, 2011), citing, American Con Co. v. Mansukhani, 742 F.2d 314, 321 (7th Cir. 1984) (By entering an ex parte TRO that failed to comply with "the strict procedural requirements of FED. R. CIV. P. 65(b)(1)" the district court abused its discretion.). Plaintiff also can't falsely claim defendants' address were unknown in its motion for alternative service by email, because the addresses are clearly known.

In light of the above, we request that plaintiff:

1. Dismiss the lawsuit against our client with prejudice immediately;
2. Vacate the TRO based on lack of notice pursuant to Rule 65;
3. Withdraw its motion for alternative service, including any false representation that defendants' address were unknown;
4. Refrain from moving for a PI given the substantial lack of merits. Our client is willing to litigate this through but without the unfair duress of an asset freeze. If plaintiff will proceed with the PI motion, our

client will likely seek recourse in Florida in that first case for fees and damages which will be much more than six figures.

Please confirm. Let me know if you want to speak and I'm available any day this week.

Regards,

Frank

Yue Niu Esq.
Partner
Mainleaf Law Group PLLC

---

From:Mainleaf Settlement <settlement@mainleaf-law.com>
Send Time:2024 May. 29 (Wed.) 11:18
To:"cwallace@scalefirm.com"<cwallace@scalefirm.com>
Cc:Frank Niu<niu@mainleaf-law.com>
Subject:BBTO et al. -24-cv-334

**Settlement Communication-FRE 408**

Charles,

We are retained by Wenanbeino -AP0XLF8SQSXGG / BBTO -A3EPDNLGP3TT17 involved in your 24-cv-334 case. Client is interested in exploring settlement. Please kindly forward evidence and advise a specific settlement offer.

Thank you.

Best Regards,

Settlement
Mainleaf Law Group