UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| WEARABLE SHOE TREE LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, BUSINESS ENTITIES, & UNINCORPORATED ASSOCIATION IDENTIFIED ON EXHIBIT 1,<br><br>Defendants. | Civil Action No. 4: 24-cv-334-SDJ |

## **DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

Wearable Shoe Tree LLC ("Plaintiff") initiated the above-styled lawsuit on April 19, 2024 (Dkt. 1) against the 601 Defendants listed in Exhibit 1 to the Complaint ("Defendants"), seeking relief against Defendants for counterfeiting under 15 U.S.C. § 1114, unfair competition and false designation of origin under 15 U.S.C. §1125(a), and patent infringement under 35 U.S.C. § 271, through their promotion, advertising, marketing, distribution, offering for sale, and sale of products that infringe on Plaintiff's patented shoe inserts ("Infringing Products") via online stores (the "Infringing Webstores") on various e-commerce platforms, such as Alibaba, AliExpress, Amazon, Bonanza, CJDropshipping, DHgate, eBay, Etsy, Joom, Joybuy, Shein, Shopify, Temu, Walmart, and Wish (the "Marketplaces"). Plaintiff filed its Motion for Alternative Service of Process on April 23, 2024 (Dkt. 9), which the Court granted on May 7, 2024 (Dkt. 17). On July 9, 2024, Plaintiff served each of the Defendants listed in Exhibit 1 to Plaintiff's Request for Clerk's Entry of Default via email pursuant to the Court's order. Dkt. 17. None of the Defendants listed in Exhibit 1 of Plaintiff's Motion For Default Judgment And Permanent Injunction (the "Defaulting

1

Defendants") filed a responsive pleading, so Plaintiff filed its Request for Clerk's Entry of Default on August 1, 2024. Dkt. 56. The Clerk thereafter entered default against the Defendants on August 6, 2024. Dkt. 57.

Given that Plaintiff properly completed service of process on the Defaulting Defendants, such notice being reasonably calculated under all circumstances to apprise the Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections, and given that the Defaulting Defendants failed to answer the Complaint or otherwise plead:

**THIS COURT HEREBY FINDS** that it has personal jurisdiction over the Defaulting Defendants because the Defaulting Defendants directly target their business activities toward consumers in the United States, including Texas. Specifically, the Defaulting Defendants reach out to do business with Texas residents by operating one or more commercial, interactive Infringing Webstores through which Texas residents can view and purchase the Infringing Products, all without Plaintiff's permission or consent.

**THIS COURT FURTHER FINDS** that U.S. Registration No. 4686931 for the SNEAKER SHIELDS composite mark, U.S. Registration No. 6220820 for the SHIELDS standard character mark, and U.S. Registration No. 7458351 for the SNEAKER SHIELDS standard character mark (the "Marks") are valid trademark registrations owned solely by Plaintiff.

**THIS COURT FURTHER FINDS** that U.S. Patent No. D970,203 S titled "Wearable Shoe Tree" (the "Patent") is valid and owned solely by Plaintiff.

**THIS COURT FURTHER FINDS** that the Defaulting Defendants are liable for willful counterfeiting under 15 U.S.C. § 1114, unfair competition and false designation of origin under 15 U.S.C. §1125(a), and patent infringement under 35 U.S.C. § 271.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment and Permanent Injunction is **GRANTED** in its entirety, that the Defaulting Defendants are deemed in default, and that this Final Judgment is entered against the Defaulting Defendants.

**IT IS FURTHER ORDERED** that:

**1.** Defendants, their successors, affiliates, servants, officers, agents, independent contractors, and employees, and anyone acting in active concert or participation with or at the behest or direction of any of the foregoing, be preliminarily enjoined and restrained from:

   a. using, reproducing, displaying, or enabling others to use, reproduce, or display products and advertisements bearing the Marks or the Patent (together, these being the "Registrations"), other colorable imitations of products using the Registrations, or materials that otherwise infringe on Plaintiff's Registrations (these collectively being the "Infringing Products");

   b. moving, relocating, or otherwise disposing of any funds currently located in Defendants' online accounts, including, without limitation, from Alibaba, AliExpress, Amazon, Bonanza, CJDropshipping, DHgate, eBay, Etsy, Joom, Joybuy, Shein, Shopify, Temu, Walmart, Wish, Alipay, PayPal, Payoneer, Stripe, WorldFirst, and Western Union;

   c. removing, destroying, or otherwise disposing of computer files, electronic files, business records, or documents relating to any of Defendants' webstores, websites, assets, operations, or relating in any way to use of Plaintiff's Registrations or to the reproduction and display of the Infringing Products; and

   d. engaging in any other activity that infringes on Plaintiff's rights in any manner.

**2.** Defaulting Defendants, within ten days after service of this Order, file with the Court and serve on Plaintiff a written report under oath setting forth in detail the manner in which the Defaulting Defendants have complied with any and all injunctive relief ordered by this Court.

**3.** Those in privity with Defaulting Defendants and with actual notice of this Order, including ecommerce platform providers, such as Alibaba, AliExpress, Amazon, Bonanza, CJDropshipping, DHgate, eBay, Etsy, Joom, Joybuy, Shein, Shopify, Temu, Walmart, Wish, etc., will within 3 business days of receipt of this Order:

   a. Take all necessary steps to prevent any Defaulting Defendant from accessing or withdrawing funds from any accounts through which the Defaulting Defendants, in the past, currently, or in the future, engage in the sale of products using the Infringing Products, including, but not limited to, any accounts associated with the Defaulting Defendants listed on the attached "Exhibit 1;" and

   b. take all necessary steps to prevent any Defaulting Defendant from accessing or withdrawing funds from any accounts linked to the Defaulting Defendants, linked to any email addresses used by the Defaulting Defendants, or linked to any of the Infringing Webstores.

**4.** Plaintiff is awarded its full costs and attorney's fees against the Defaulting Defendants pursuant to 15 U.S.C. § 1117 and 35 U.S.C. § 285.

**5.** Pursuant to 15 U.S.C. § 1125(a), Plaintiff is also awarded damages from each of the Defaulting Defendants in the amount of Two Hundred Thousand Dollars (U.S.) and No Cents ($200,000.00), for using, reproducing, displaying, selling, or enabling others to use, reproduce, display, or sell the Infringing Products bearing or using the Registrations on the Infringing Webstores. As to each Defaulting Defendant, until such Defaulting Defendant has paid in full the award of costs, attorney's fees, and damages against it:

   a. Alibaba, AliExpress, Amazon, Bonanza, CJDropshipping, DHgate, eBay, Etsy, Joom, Joybuy, Shein, Shopify, Temu, Walmart, Wish (collectively the "Platforms") and PayPal, Payoneer, Stripe, WorldFirst, Bill.com, Pingpong, Payeco, Umpay/Union Mobile Pay,

Moneygram, Western Union, or other bank accounts or payment processors used by the Defaulting Defendants (collectively the "Payment Processors") will, within 2 business days of receipt of this Order, permanently restrain and enjoin any accounts connected to the Defaulting Defendants and the Defaulting Defendants' Infringing Webstores identified in the attached "Exhibit 1" from transferring or disposing of any money or other of the Defaulting Defendants' assets.

b. All monies in Defaulting Defendants' financial accounts as of the date of this Order, including monies held by the Platforms and the Payment Processors, are hereby released to Plaintiff as partial payment of the above-identified damages, and are ordered to release to Plaintiff the amounts from the Defaulting Defendants' Platform or Payment Processor accounts within 10 business days of receipt of this Order.

c. Plaintiff will have the ongoing authority to serve this Order on the Platforms or the Payment Processors in the event that any new accounts controlled or operated by the Defaulting Defendants are identified. Upon receipt of this Order, the Platforms or the Payment Processors will within 2 business days:

   i. Locate all accounts and funds connected to the Defaulting Defendants, the Defaulting Defendants' Infringing Webstores, including, but not limited to, any accounts connected to the information listed in the attached "Exhibit 1," and any email addresses provided for the Defaulting Defendants by any third parties;

   ii. Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of the Defaulting Defendants' assets; and

  iii. Release all monies restrained in the Defaulting Defendants' accounts to Plaintiff as partial payment of the above-identified damages within 10 business days of receipt of this Order.

**6.** Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff will have the ongoing authority to serve this Order on any banks, savings and loan associations, payment processors, or other financial institutions (collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by the Defaulting Defendants are identified. Upon receipt of this Order, the Financial Service Providers will within 2 business days:

 a. Locate all accounts and funds connected to Defaulting Defendants, the Defaulting Defendants' Infringing Webstores, including, but not limited to, any accounts connected to the information listed in the attached "Exhibit 1," and any email addresses provided for the Defaulting Defendants by any third parties;

 b. Restrain and enjoin such accounts or funds from receiving, transferring, or disposing of any money or other of the Defaulting Defendants' assets; and

 c. Release all monies restrained in the Defaulting Defendants' financial accounts to Plaintiff as partial payment of the above-identified damages within 10 business days of receipt of this Order.

**7.** In the event that Plaintiff identifies any additional webstores, websites, domain names, or financial accounts owned by the Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding to the Defaulting Defendants by email at the email addresses identified in the attached "Exhibit 1" and any email addresses provided for the Defaulting Defendants by any third parties.

**IT IS SO ORDERED.**