UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| WEARABLE SHOE TREE LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THE INDIVIDUALS, BUSINESS ENTITIES, & UNINCORPORATED ASSOCIATION IDENTIFIED ON EXHIBIT 1,<br><br>　　　　Defendants. | Civil Action No. 4:24-cv-334-SDJ |

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

WHEREAS, Wearable Shoe Tree LLC ("Plaintiff") initiated the above-styled lawsuit on April 19, 2024 (Dkt. 1) against the 601 Defendants listed in Exhibit 1 to the Complaint ("Defendants"), seeking relief against Defendants for trademark and patent infringement through their promotion, advertising, marketing, distribution, offering for sale, and sale of products that infringe on Plaintiff's U.S. Trademark Registration No. 4686931 for the SNEAKER SHIELDS composite mark, U.S. Trademark Registration No. 6220820 for the SHIELDS standard character mark, U.S. Trademark Registration No. 7458351 for the SNEAKER SHIELDS standard character mark, and U.S. Patent No. D970,203 S titled "Wearable Shoe Tree" (the "Registrations") by operating online stores (the "Infringing Webstores") on various e-commerce platforms, such as Alibaba, AliExpress, Amazon, eBay, Joybuy, Shopify, Walmart, and Wish;

WHEREAS, Doe 506 "Oluk" (Walmart Merchant ID 10001133300) ("Defendant") now stipulates and consents to this Consent Judgment and Permanent Injunction, to its prompt entry by the Court, and to each and every provision, order, and decree herein.

1

NOW THEREFORE, upon consent of the parties hereto, it is

**HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Court has jurisdiction over the subject matter of this case and jurisdiction over Defendant.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

3. Plaintiff is the owner of all right, title, and interest in and to the Registrations.

4. Defendant acknowledges and agrees that Plaintiff owns valid rights in the Registrations and waives the right to challenge Plaintiff's ownership of those rights in any future proceedings.

5. Without Plaintiff's authorization and without any remuneration to Plaintiff, Defendant reproduced, published, distributed, publicly displayed, and sold products using the Registrations.

6. The foregoing conduct by Defendant constitutes willful infringement of Plaintiff's exclusive rights in the Registrations.

7. As a direct and proximate result of the Defendants' infringing conduct alleged herein, Plaintiff has sustained substantial, immediate, and irreparable injury, and is entitled to damages and an injunction pursuant to 15 U.S.C. § 1116.

8. The Court hereby enters judgment against Defendant on Count One of Plaintiff's Complaint for counterfeiting, Count Two of Plaintiff's Complaint for unfair competition and false designation of origin, and Count Three of Plaintiff's Complaint for patent infringement.

9. Defendant hereby waives any and all right to an appeal from this Consent Judgment and Permanent Injunction.

10. This Consent Judgment and Permanent Injunction constitutes a final judgment on the merits of Plaintiff's claims for purposes of res judicata, collateral estoppel, issue preclusion, and claim preclusion.

11. Defendant, its successors, affiliates, servants, officers, agents, independent contractors, and employees, and anyone acting in active concert or participation with or at the behest or direction of any of the foregoing, are permanently enjoined and restrained from directly or indirectly:

(a) using, reproducing, displaying, or enabling others to use, reproduce, or display products and advertisements bearing the Registrations, other colorable imitations of products using the Registrations, or materials that otherwise infringe on Plaintiff's Registrations (these collectively being the "Infringing Products");

(b) moving, relocating, or otherwise disposing of any funds currently located in Defendant's online accounts, including, without limitation, from Alibaba, AliExpress, Amazon, Bonanza, CJDropshipping, DHgate, eBay, Etsy, Joom, Joybuy, Shein, Shopify, Temu, Walmart, Wish, Alipay, PayPal, Payoneer, Stripe, WorldFirst, and Western Union;

(c) removing, destroying, or otherwise disposing of computer files, electronic files, business records, or documents relating to any of Defendant's webstores, websites, assets, operations, or relating in any way to use of Plaintiff's Registrations or to the reproduction and display of the Infringing Products; and

   (d)  engaging in any other activity that infringes on Plaintiff's rights in any manner.

12. Within five calendar days of entry of this Consent Judgment and Permanent Injunction, Defendant will delete and/or destroy all Infringing Products in the Defendant's reasonable control pursuant to 17 U.S.C. § 503(b).

13. In satisfaction of this Consent Judgment and Permanent Injunction, Doe 506 "Oluk" (Walmart Merchant ID 10001133300) will pay Plaintiff $2,725 in damages.

14. Within seven calendar days of receipt of this Consent Judgment and Permanent Injunction, Walmart Inc. ("Walmart") is ordered to transfer to Plaintiff the amounts listed in Paragraph 13 above from the specified Defendant's Walmart accounts.

15. Upon Walmart's transfer of the above damages amounts to Plaintiff, Walmart shall remove any restraints that were placed on Defendant's e-commerce stores and financial accounts relating to this lawsuit.

16. If Defendant is found by the Court to be in contempt of, or otherwise to have violated this Consent Judgment and Permanent Injunction, the parties agree that Plaintiff shall be entitled to all available relief which it may otherwise request from the Court, including sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any other relief deemed proper in the event of such violation.

17. This Consent Judgment and Permanent Injunction shall be binding upon and shall inure to the benefit of the parties and their respective successors, assigns, and acquiring companies.

18. The Court retains jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment and Permanent Injunction and awarding damages or other relief for violations thereof.

19. The permanent injunction shall remain in full force and effect unless and until modified by order of this Court.

20. The parties hereby stipulate to entry of judgment on the terms stated herein.

**SO ORDERED.**