UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

WEARABLE SHOE TREE, LLC §
§
v. § CIVIL NO. 4:24-CV-334-SDJ
§
DOES 1–601 §

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Wearable Shoe Tree LLC's Motion for Default Judgment and Permanent Injunction, (Dkt. #59), Motion for Attorney's Fees, (Dkt. #60), and supplements to those motions, (Dkt. #88, #89). After full consideration, the Court finds that the motion for Default Judgment and Permanent Injunction, (Dkt. #59), should be **GRANTED IN PART**, and that the Motion for Attorney's Fees, (Dkt. #60), should be **DENIED**.

### I. BACKGROUND

Wearable Shoe Tree makes "innovative shoe care and preservation products[.]" (Dkt. #1 ¶ 17). Its primary product is a "sneaker shield"—a plastic insert designed to slip into the toe of a sneaker to prevent creasing. (Dkt. #3-12). Wearable Shoe Tree holds a patent for this plastic insert: U.S. Patent No. D970,203 (the "'203 Patent"). (Dkt. #3-11 at 4–8). It also holds three trademarks (collectively, the "Shields Trademarks"):

- U.S. Trademark Registration No. 4,686,931 (the "'931 Mark") for the SNEAKER SHIELDS composite mark.
- U.S. Trademark Registration No. 6,220,820 (the "'820 Mark") for the SHIELDS standard character mark.
- U.S. Trademark Registration No. 88,750,733 (the "'733 Mark") for the SNEAKER SHIELDS standard character mark.

1

(Dkt. #3-11 at 1–3). Wearable Shoe Tree claims that Defendants, comprised of individuals and business entities likely operating in China, (Dkt. #42-1), are illegally selling products that infringe on its patent and trademarks, (Dkt. #1 ¶¶ 26–52). All Defendants operate webstores on various online marketplaces, such as Amazon, Alibaba, eBay, Etsy, Temu, Wish, and so on. (Dkt. #1 ¶ 3). Their products are sold in the United States, including Texas. (Dkt. #1 ¶ 4).

Soon after filing suit, Wearable Shoe Tree moved for a Temporary Restraining Order ("TRO"), (Dkt. #7), and for alternative service of process, (Dkt. #9). After holding a hearing, the Court granted both motions. (Dkt. #15, #17). The Court extended the TRO once under Federal Rule of Civil Procedure 65. (Dkt. #19).

Thereafter, the Court held a hearing on the entry of a preliminary injunction, (Dkt. #41), after confirming that all Defendants had been served via email as permitted by the Court's order on alternative service of process, (Dkt. #17); (Dkt. #40 ¶ 5); (Dkt. #40-1).[1] The Court then entered a preliminary injunction. (Dkt. #45). Several Defendants were voluntarily dismissed in the weeks that followed. (Dkt. #51, #52, #56).

Ultimately, Wearable Shoe Tree requested that the Clerk's Office enter a default against all remaining Defendants, which was entered.[2] (Dkt. #57). Next,

---

[1] The Fifth Circuit, among other circuits, has approved this method of service for preliminary injunctions. *Whirlpool Corp. v. Shenzhen Sanlida Elec. Tech. Co.,* 80 F.4th 536 (5th Cir. 2023); *see also Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002) ("[W]hen faced with an international e-business scofflaw, playing hide-and-seek with the federal court, email may be the only means of effecting service of process.").

[2] Wearable Shoe Tree's initial request for default, (Dkt. #54), was not entered because it lacked the requisite affidavit. (Dkt. #55). Wearable Shoe Tree filed an amended request for

Wearable Shoe Tree moved this Court to enter a default judgment against the remaining Defendants. (Dkt. #59). But after filing that motion, Wearable Shoe Tree dismissed several of these Defendants. *See* (Dkt. #61, #67, #69, #71, #75, #77, #79, #80, #82, #83, #85). The Court therefore ordered Wearable Shoe Tree to supplement its default-judgment motion with an updated list of the remaining Defendants ("Defaulting Defendants")[3], (Dkt. #87), which it provided, (Dkt. #89). The Court's list of Defaulting Defendants follows this Order in Appendix 1.

## II. LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions upon which default may be entered against a party, as well as the procedure to seek entry of a default judgment. *See* FED. R. CIV. P. 55. Securing a default judgment involves a three-step procedure: (1) the defendant's default; (2) the entry of default; and (3) the entry of default judgment. *N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A "default" occurs when the defendant does not plead or otherwise respond to the complaint. *Id.* An "entry of default" is the notation the clerk makes after the default is established by affidavit. *Id.* The plaintiff may then apply for a judgment based on this default—a "default judgment." *Id.*

Entry of default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Still, "Courts in the Fifth Circuit utilize a

---

entry of default that same day. (Dkt. #56). This request was granted. (Dkt. #57).

  [3] Wearable Shoe Tree dismissed another Defendant after providing this updated list. (Dkt. #91). The Court therefore removed that Defendant from the list of Defaulting Defendants for purposes of this Order.

three-part analysis" to determine whether a default judgment is appropriate: "1) whether the entry of default judgment is procedurally warranted, 2) whether a sufficient basis in the pleadings based on the substantive merits for judgment exists, and 3) what form of relief, if any, a plaintiff should receive." *Graham v. Coconut LLC*, No. 4:16-CV-606, 2017 WL 2600318, at *1 (E.D. Tex. June 15, 2017) (citing *Lindsey*, 161 F.3d at 893). By defaulting, the defendant "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citing *Ohio Cent. R.R. Co. v. Cent. Tr. Co.*, 133 U.S. 83, 10 S.Ct. 235, 33 L.Ed. 561 (1890)). On the other hand, "a defendant's default does not concede the truth of allegations of the complaint concerning damages." *Graham*, 2017 WL 2600318, at *1 (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 524–25 (5th Cir. 2002)).

### III. DISCUSSION

Because the Defaulting Defendants have not answered or otherwise appeared, and because Wearable Shoe Tree has obtained an entry of default, (Dkt. #57), the first two requirements for a default judgment have been met. The only remaining issue is whether a default judgment is warranted. *N.Y. Life Ins.*, 84 F.3d at 141. For the reasons below, the Court finds that default judgment is warranted as to only certain Defaulting Defendants. *See infra* Appendix 1.

### A. Default Judgment Is Procedurally Warranted

Before granting a default judgment, "[t]he Court must first determine whether a default judgment is procedurally warranted," which involves six factors:

> [1] whether material issues of fact [exist]; [2] whether there has been
> substantial prejudice; [3] whether the grounds for default are clearly
> established; [4] whether the default was caused by a good faith mistake
> or excusable neglect; [5] the harshness of the default judgment; and [6]
> whether the court would think itself obliged to set aside the default on
> the defendant's motion.

*Lindsey*, 161 F.3d at 893. In weighing the six factors above, the Court finds that they weigh in favor of finding that default judgment is procedurally warranted against the Defaulting Defendants: the grounds for default are established, the Defaulting Defendants will not be substantially prejudiced, and there is no evidence of a good-faith mistake.

First, there are no issues of material fact. Indeed, when a defendant defaults, it "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu*, 515 F.2d at 1206. Here, the Defaulting Defendants never answered the complaint or otherwise appeared. As a result, the Defaulting Defendants admit Wearable Shoe Tree's well-pleaded factual allegations.

Second, entry of default judgment would not be harsh or result in substantial prejudice to the Defaulting Defendants. In this regard, a defendant's "failure to file any responsive pleading or motion mitigates the harshness of a default judgment." *Am. Heritage Life Ins. Co. v. Mitchell*, No. 6:15-CV-95, 2016 WL 3883029, at *3 (E.D. Tex. May 24, 2016), *report and recommendation adopted*, 2016 WL 3855257 (E.D. Tex. July 15, 2016). The Defaulting Defendants received ample notice of this lawsuit: Wearable Shoe Tree served each of the Defaulting Defendants through the Court's approved method of service on June 7, 2024. (Dkt. #40 ¶ 5). The Defaulting

Defendants could have attended the preliminary-injunction hearing on June 24, 2024. None did.[4] Wearable Shoe Tree followed the necessary procedural steps to obtain a default entry. Because the Defaulting Defendants could have responded during this litigation and chose not to, a default judgment is not unusually harsh. The record thus supports the Court's finding that a default judgment would not be harsh or result in substantial prejudice.

Third, the grounds for default judgment are clearly established. When the defendant fails to respond "to the summons and complaint, the entry of default, or the motion for default," then grounds for default are clearly established. *Graham*, 2017 WL 2600318, at *2 (citation omitted); *see also* FED. R. CIV. P. 55(a). As stated above, each Defaulting Defendant was served through the court's approved method of service on June 7, 2024. (Dkt. #40 ¶ 5); (Dkt. #49). The Defaulting Defendants were then required to serve an answer or otherwise respond. As of the date of this order, none has. Thus, the court finds that the grounds for default against the Defaulting Defendants are clearly established.

Fourth, the record reflects that the Defaulting Defendants did not default due to excusable neglect or a good-faith mistake. Again, the Defaulting Defendants were properly served. (Dkt. #40 ¶ 5); (Dkt. #49). The Defaulting Defendants neither responded nor offered evidence to show that their failure to respond was due to a "good faith mistake or excusable neglect[.]" *Lindsey*, 161 F.3d at 893.

---

[4] Counsel for three Defendants—Does 519, 522, and 523—appeared in this case, (Dkt. #34), and attended the preliminary-injunction hearing. But these Defendants were voluntarily dismissed from the case on July 15, 2024, (Dkt. #51), and are thus not among the Defaulting Defendants.

Fifth, the harshness of the default judgment is warranted because Wearable Shoe Tree seeks damages to which they are entitled under 15 U.S.C. § 1117. (Dkt. #1 at 12); *see also Holladay v. OTA Training, LLC*, No. 3:14-CV-519, 2015 WL 5916440, at *2 (N.D. Tex. Oct. 8, 2015) (noting that the "harshness of a default judgment against Defendants" was "mitigate[ed]" because "Plaintiff only seeks the relief to which she is entitled under the [relevant statute]").

Sixth, nothing in the record suggests that Wearable Shoe Tree has contributed to the delay of this action or otherwise given the court any reason to set aside the clerk's entry of default. In sum, Wearable Shoe Tree has met the procedural requirements for default judgment.

## B. Sufficient Basis in the Pleadings to Enter Default Judgment

After establishing that default is procedurally warranted, the court must determine whether there is a sufficient basis for judgment. *Nishimatsu*, 515 F.2d at 1206. Although the Defaulting Defendants have now functionally admitted the allegations set forth in the Complaint, the court must review the pleadings to determine whether the Complaint presents a sufficient basis for relief. *Id.*

The Fifth Circuit "draw[s] meaning from the case law on Rule 8, which sets forth the standards governing the sufficiency of a complaint." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (citation omitted). "Rule 8(a)(2) requires a pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* (quotations omitted). Ultimately, "[t]he factual allegations in the complaint need only 'be enough to raise a right to relief above the

speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (footnote and citations omitted)). This "low threshold" pleading standard "is less rigorous than that under Rule 12(b)(6)." *Cunningham v. Crosby Billing Servs., Corp.*, No. 4:18-CV-43, 2018 WL 6424792, at *4 (E.D. Tex. Oct. 14, 2018) (citation omitted). Only well-pleaded facts, not conclusions of law, are presumed true. *Nishimatsu*, 515 F.2d at 1206.

The Court also notes that it does not address Wearable Shoe Tree's claim for false designation of origin under 15 U.S.C. § 1125(a), (Dkt. #1 ¶¶ 42–47), because it only seeks to protect registered trademarks. On that basis, 15 U.S.C. § 1114(1) is the appropriate vehicle for its claim. *Rex Real Est. I, L.P. v. Rex Real Est. Exch., Inc.*, 80 F.4th 607, 616 (5th Cir. 2023).

After reviewing Wearable Shoe Tree's pleadings and all the evidence before it, the Court finds that Plaintiff has sufficiently pleaded claims of trademark and patent infringement to warrant the entry of a default judgment against all but three Defaulting Defendants[5] for violations of 15 U.S.C. § 1114(1), 35 U.S.C. § 271, or both. For the other 393 Defaulting Defendants, the Court finds that each is liable for infringing (1) the "Shields" Trademark (U.S. Trademark Registration No. 6220820);

---

[5] Wearable Shoe Tree is not entitled to a Default Judgment against Does 34, 245, and 309. Against these Does, Wearable Shoe Tree only asserts trademark infringement of the '931 Mark. As explained below, Wearable Shoe Tree failed to show that any Defaulting Defendant used this mark in commerce, let alone that such a use would be likely to cause confusion.

(2) the '203 Patent; or (3) both. *See infra* Appendix 1. The Court begins by reviewing the trademark claims.

## 1. Trademark infringement in violation of 15 U.S.C. § 1114(1)

Wearable Shoe Tree has proven that the three Shields Trademarks are legally protectable but has only shown that the Defaulting Defendants' use of the '820 Mark creates a likelihood of confusion.

The Lanham Act creates "separate causes of action for infringement of a registered mark and an unregistered mark." *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 236 n.8 (5th Cir. 2010). Section 32(1) of the Lanham Act—codified as 15 U.S.C. § 1114(1)—"creates a cause of action for infringement of registered marks[.]" *Rex Real Est. I*, 80 F.4th at 616. To prevail on this cause of action, a plaintiff must show that "(1) it possesses a legally protectable trademark and (2) Defendant's use of this trademark 'creates a likelihood of confusion as to source, affiliation, or sponsorship.'" *Id.* (quotation omitted). The Fifth Circuit has identified non-exhaustive "digits of confusion" to guide courts in determining whether use of a mark has created a likelihood of confusion. *Springboards to Educ., Inc. v. Hous. Indep. Sch. Dist.*, 912 F.3d 805, 812 (5th Cir. 2019). These digits include "(1) [s]trength of the mark; (2) mark similarity; (3) product or service similarity; (4) outlet and purchaser identity; (5) advertising media identity; (6) defendant's intent; (7) actual confusion; and (8) care exercised by potential purchasers." *Id.* (citation omitted). This test is unnecessary, however, when the allegedly infringing product

uses the exact same mark that a plaintiff owns. *Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 311 (5th Cir. 2008).

To begin with, Wearable Shoe Tree submitted proof of its three legally protectable and registered trademarks. (Dkt. #3-11 at 1–3). Proof that a mark has been registered with the United States Patent and Trademark Office "constitutes prima facie evidence that the mark is valid, and that the registrant has the exclusive right to use the registered mark in commerce with respect to the specified goods or services." *Amazing Spaces, Inc.*, 608 F.3d at 237 (citations omitted). The Court therefore finds all three marks are valid and enforceable.

For the likelihood of confusion, the Court's analysis differs for each trademark. It therefore takes each in turn.

The '733 Mark covers the phrase "SNEAKER SHIELDS," which is comprised of "standard characters without claim to any particular font style, size, or color." (Dkt. #3-11 at 3). The '733 Mark does not appear outside of the Complaint or its attachments. *See* (Dkt. #1 ¶ 13); (Dkt. #3-11 at 3). Although Wearable Shoe Tree has provided the Court with several tables detailing the alleged violations by each of the 601 Doe Defendants, (Dkt. #42-1, #59-2, #89-1), not once has it alleged that any Defendant, let alone the Defaulting Defendants, use or infringe the '733 Mark. In short, Wearable Shoe Tree has failed to sufficiently plead trademark infringement of the '733 Mark and so there is no likelihood of confusion.

Similarly deficient are Wearable Shoe Tree's claims for the '931 Mark. A review of the digits of confusion shows why. As to the strength of the mark, Wearable Shoe

10

Tree claims that its marks are strong because they are inherently distinctive, are registered with the USPTO, and have been used since as early as 2010. (Dkt. #59 at 10).

A mark's strength depends on (1) the type of mark, and (2) the mark's recognition in the marketplace. *Sun Banks of Fla., Inc. v. Sun Fed. Sav. and Loan Ass'n,* 651 F.2d 311, 315 (5th Cir. 1981). There are five categories of marks, each increasing in distinctiveness: (1) generic, (2) descriptive, (3) suggestive, (4) arbitrary, and (5) fanciful. *Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 768, 112 S.Ct. 2753, 120 L.Ed.2d 615 (1992). "The latter three categories of marks, because their intrinsic nature serves to identify a particular source of a product, are deemed inherently distinctive and are entitled to protection." *Id.* As to market recognition, relevant evidence of a strong mark includes "extensive advertising, length of time in business, public recognition, and uniqueness." *Homax Prods., Inc. v. Homax, Inc.*, No. CIV.A. H-08-CV-1560, 2009 WL 7808951, at *6 (S.D. Tex. Aug. 5, 2009).

Starting with the type of mark, the Court finds that this mark is descriptive because the phrase "Sneaker Shields" "provides an attribute or quality of a good." *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 227 (5th Cir. 2009). Descriptive marks are weaker marks that are not inherently distinctive. For market recognition, Wearable Shoe Tree does provide some information by affidavit of the advertising costs, market notoriety, and public recognition of the marks. (Dkt. #7-2 ¶¶ 5–7). But it provides the Court with no sales-or-revenue-related information. On balance, the Court finds that this factor slightly favors a likelihood of confusion.

11

Turning to the similarity of the marks, '931 Mark covers the following logo, with the limitations that follow:



THE MARK CONSISTS OF A BRUSH STROKE WITH TO OPPOSING "C" SHAPES, ONE ON TOP OF THE OTHER, CREATING A STYLIZED COMPOSITE "S", ON THE LEFT HAND SIDE OF THE MARK, WITH THE WORDS "SNEAKER SHIELDS", WRITTEN AT AN ANGLE TO THE RIGHT, AND ONE WORD ON TOP OF THE OTHER.

(Dkt. #3-11 at 1). In Wearable Shoe Tree's most recent submission, (Dkt. #89-1), it represents that 99 of the Defaulting Defendants infringe on the '931 Mark. In support, Wearable Shoe Tree cites to the 2,800 pages of exhibits it filed with the Complaint. These documents consist of screenshots of the 601 Doe Defendants' shops, their allegedly infringing products, the product descriptions, and the advertised packaging.

The Court reviewed all 2,800 pages. Not one page within this tome contains an example of a Defaulting Defendant using the logo protected by the '931 Mark. The evidence presented for Doe 562 is illustrative. Below is a side-by-side comparison of the '931 Mark (right) and the graphic accused of infringing it (left).





(Dkt. #3-10 at 162). Now, are there similarities between Doe 562's marketing materials and the '931 Mark? Of course. But the differences far outweigh the similarities. For example, the marketing materials have no brush stroke. And the opposing C shapes in the marketing materials (1) are *within* each other, not *on top* of each other; (2) don't create a "stylized composite S"; and (3) are on the right side of the mark instead of the left. Finally, while both images have the phrase "Sneaker Shields," the marketing materials neither present this phrase "at an angle to the right" nor place "one word on top of the other."

These differences are captured by an annotated description of the '931 Mark below. Similarities are <u>underlined</u>; differences are **bolded**:

> THE MARK CONSISTS OF **A BRUSH STROKE** <u>WITH T[W]O OPPOSING "C" SHAPES</u>, **ONE ON TOP OF THE OTHER**, **CREATING A STYLIZED COMPOSITE "S"**, **ON THE LEFT HAND SIDE OF THE MARK**, <u>WITH THE WORDS "SNEAKER SHIELDS"</u>, **WRITTEN AT AN ANGLE TO THE RIGHT**, **AND ONE WORD ON TOP OF THE OTHER**.

Therefore, the evidence presented for Doe 562 is insufficient to show that the similarity of the logos used in the marketing materials would create a likelihood of confusion. In fact, the large dissimilarities between the logos and the '931 Mark weigh

strongly against a likelihood of confusion. Because the evidence presented for the other 98 Does accused of infringing the '931 Mark is similar or even weaker, the Court concludes that this factor weighs strongly against a likelihood of confusion.

For factor three, the products do appear to be similar if not identical, so this factor favors a likelihood of confusion. As to the remaining five factors, Wearable Shoe Tree's argument can be summarized as follows: the Defaulting Defendants sell infringing products on the internet—the same sales medium used by Wearable Shoe Tree—and therefore they intend to cause, and succeed in causing, consumer confusion. Again, Wearable Shoe Tree provided the Court with no evidence of its own sales, let alone any infringing sales. The Court therefore cannot draw any conclusions on factors four, seven, or eight. Nor does Wearable Shoe Tree provide information about factors five or six—advertising media identity and Defaulting Defendants' intent. These other two factors are therefore neutral.

All in all, while a handful of factors favor a likelihood of confusion, most factors are neutral or weigh against a likelihood of confusion. The Court therefore finds that Wearable Shoe Tree failed to prove that the Defaulting Defendants' marketing materials cause a likelihood of confusion with the '931 Mark.

That said, Wearable Shoe Tree did show that the Defaulting Defendants' use of the '820 Mark could create a likelihood of confusion because the "allegedly infringing product uses the exact same mark that a plaintiff owns." *Paulsson Geophysical*, 529 F.3d at 311. This mark covers the phrase "SHIELDS" comprised of "standard characters without claim to any particular font style, size, or color."

14

Wearable Shoe Tree claims that 257 of the Defaulting Defendants infringe on the '820 Mark. *E.g.*, (Dkt. #89-1).

The Court verified that each Defaulting Defendant identified by Wearable Shoe Tree uses the word "Shield" in either (1) the listing name; (2) the listing details; or (3) the advertised packaging. This supports Wearable Shoe Tree's claim that its trademarks were "being used on Infringing Products," (Dkt. #1 ¶ 27), including "within the content, and/or meta tags of the listings on Infringing Webstores in order to appear in search engine results for Plaintiff Products." (Dkt. #1 ¶ 32). Taken together, Wearable Shoe Tree has shown, and the Court has verified, that the Defaulting Defendants' infringement of the '820 Mark creates a likelihood of confusion.

In sum, Wearable Shoe Tree has sufficiently pled trademark infringement of '820 Mark by 257 Defaulting Defendants. By contrast, it has failed to sufficiently plead trademark infringement for the '733 Mark and the '931 Mark.

## 2. Patent infringement of the '203 Patent under 35 U.S.C. § 271

Wearable Shoe Tree accused 376 Defaulting Defendants of patent infringement. (Dkt. #89-1). The Court finds its pleadings are sufficient as to all 376 Defaulting Defendants.

For design-patent infringement, the accuser must establish that it has a valid design patent and that the accused product infringes under the ordinary-observer test. *Curver Luxembourg, SARL v. Home Expressions Inc.*, 938 F.3d 1334, 1343 (Fed. Cir. 2019). The ordinary-observer test, as explained by the Supreme Court, finds that

15

"a design patent is infringed 'if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same.'" *Samsung Elecs. Co. v. Apple Inc.*, 580 U.S. 53, 56, 137 S.Ct. 429, 196 L.Ed.2d 363 (2016) (citations omitted).

The '203 Patent was issued on November 22, 2022, and is presumed valid under 35 U.S.C. §282(a). *See Proctor & Gamble Co. v. Teva Pharms. USA, Inc.*, 566 F.3d 989, 994 (Fed. Cir. 2009) ("Patents are presumed to be valid."); *Litton Sys., Inc. v. Whirlpool Corp.*, 728 F.2d 1423, 1443 (Fed. Cir. 1984) (noting that the trial court "correctly gave the design patent, which had survived the scrutiny of the PTO, the same statutory presumption of validity it would give a utility patent pursuant to 35 U.S.C. § 282"), *abrogated on other grounds*, *Two Pesos, Inc.*, 505 U.S. at 776. Because none of the Defaulting Defendants have appeared in this case to challenge the '203 Patent's validity, the presumption stands: Wearable Shoe Tree has established that the '203 Patent is valid and enforceable.

Wearable Shoe Tree also properly alleged patent infringement in the Complaint. (Dkt. #1 ¶¶ 48–52). None of the Defaulting Defendants contested these allegations. And under the ordinary-observer test, as this Court noted in its preliminary-injunction Order, "a comparison of Wearable Shoe Tree's patent and the infringing product sold by each Defendant shows that the infringing products are remarkably similar, if not identical, to Wearable Shoe Tree's patent." *Wearable Shoe Tree, LLC v. Does 1-601*, No. 4:24-CV-334, 2024 WL 3317749, at *4 (E.D. Tex. July 3, 2024) (*Comparing* (Dkt. #3-2) through (Dkt. #3-10) (showing the allegedly infringing

16

products), *with* (Dkt. #3-11) (showing Wearable Shoe Tree's patent), *and* (Dkt. #3-12) (showing Wearable Shoe Tree's product)). As a result, the Complaint supports judgment in favor of Wearable Shoe Tree against all 376 Defaulting Defendants for patent infringement under 35 U.S.C. § 271.

Appendix 1 shows which Defaulting Defendants are liable for trademark infringement, patent infringement, or both under the column titled "Liability (Yes/No)." With liability established, the Court turns to the requested relief.

### 3.  Remedies

#### a.  Trademark Violations

For the Defaulting Defendants' trademark violations, Wearable Shoe Tree requests statutory damages, attorney's fees, and a permanent injunction. The Court grants statutory damages of $1,000 per trademark violation, denies Wearable Shoe Tree's request for attorney's fees, and grants a permanent injunction against all 257 Defaulting Defendants that are liable for trademark infringement.

While "[a] defendant's default concedes the truth of the allegations of the Complaint concerning the defendant's liability," this is not the case with "damages." *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *4 (S.D. Tex. Oct. 5, 2011) (citing *Jackson*, 302 F.3d at 524–25). To determine the damages award, a hearing or detailed affidavits establishing the necessary facts are usually required unless the sum is capable of mathematical calculation by reference to the pleadings and supporting documents. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

Because Wearable Shoe Tree seeks statutory damages, a hearing is unnecessary here. *Rolex Watch, U.S.A., Inc. v. Brown*, No. 1-CV-9155, 2002 WL 1226863, at *2 (S.D.N.Y. 2002) (finding that where "the issue is statutory damages," the court can hold an inquest into damages "on a paper record" rather than through an in-person court hearing).

### i. Statutory Damages

Wearable Shoe Tree elected to recover statutory damages for trademark infringement under 15 U.S.C. § 1117(c). (Dkt. #59 at 13–17). It requests that the court award the statutory maximum for non-willful damages— $200,000—"against each Defaulting Defendant." (Dkt. #59 at 13). There are 396 Defaulting Defendants. *See infra* Appendix 1. So in total, Wearable Shoe Tree requests $79.2 million in statutory damages. For the reasons below, the Court finds such a damages award unsupported by the evidence and the relevant factors. Instead, the Court awards statutory damages of $1,000 for each trademark violation, totaling $257,000 in damages. Appendix 1 breaks out the damages owed by each Defaulting Defendant in the column titled "Final Judgment."

The court has wide discretion to determine a just amount of statutory damages for trademark infringement. *Laerdal Med. Corp. v. Basic Med. Supply, LLC*, No. H-16-35, 2016 WL 6436557, at *3 (S.D. Tex. Oct. 31, 2016) (citation omitted). Statutory damages are particularly helpful in the default-judgment context because "counterfeit records are frequently nonexistent, inadequate, or deceptively kept ... making proving actual damages in these cases extremely difficult if not

18

impossible." *Rolex Watch U.S.A., Inc. v. Munn*, No. 6:19-CV-323, 2019 WL 7500499, at *3 (E.D. Tex. Nov. 7, 2019), *report and recommendation adopted*, 2020 WL 90618 (E.D. Tex. Jan. 7, 2020).

Although the Court's discretion is broad, it is not unbounded. The Lanham Act sets the allowable range of statutory damages: A plaintiff may recover statutory damages for trademark violations "in the amount of—"

> (1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or

> (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

15 U.S.C. § 1117(c). Along with these ranges, courts are guided by the factors used to determine statutory damages in the copyright-infringement context:

> (1) expenses saved and profits reaped; (2) revenues lost by plaintiff; (3) the value of the copyright; (4) deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendants.

*Better Keiki, LLC v. MairicoDirect*, No. 4:17-CV-850, 2018 WL 5305571, at *6 (E.D. Tex. Aug. 29, 2018) (citing *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1117 (2d Cir. 1986) (collecting cases)). Against that backdrop, the Court reviews each factor in turn.

As to the first two factors, Wearable Shoe Tree has provided the Court with scant information. Paul Siragusa—the owner of Wearable Shoe Tree—stated in a declaration that Wearable Shoe Tree's "sales are down more than 30% from last year

due to the sale of Infringing Products." (Dkt. #7-2 ¶ 13). This lone statement comprises the totality of Wearable Shoe Tree's revenue information. Wearable Shoe Tree also fails to explain why the alleged 30% decrease in sales was necessarily caused by the Defaulting Defendants' sales and not general economic or market-related forces. After all, the global COVID-19 pandemic was still a relevant economic force in 2023. Nor did Wearable Shoe Tree provide any information on the profits of the Defaulting Defendants. With that in mind, the Court agrees with Wearable Shoe Tree's concession: "The first two factors therefore cannot be assessed with accuracy." (Dkt. #59 at 15) (citations omitted). These factors are therefore neutral.

For the third factor—the value of the trademarks—Wearable Shoe Tree claims that its trademarks are valuable because it sells its products in several markets and because the Defaulting Defendants counterfeited them, which is "compelling evidence for the high value of Plaintiff's registrations." (Dkt. #59 at 15). Absent "the valuable goodwill Plaintiff has created," it suggests, the Defaulting Defendants would not have a worthwhile financial incentive to counterfeit. (Dkt. #59 at 15–16). The Complaint also details how the Shields Trademarks "are a symbol of Plaintiff's quality, reputation, and goodwill[.]" (Dkt. #1 ¶ 24); *see also* (Dkt. #1 ¶¶ 18–22). Wearable Shoe Tree cites no precedent to support this subjective value assessment. Without any "objective measures demonstrating the value of the [Shields Trademarks]," this factor is neutral. *GS Holistic, LLC v. Sublime Smoke & Vape LLC*, No. 4:23-CV-241, 2024 WL 4275803, at *7 (E.D. Tex. Sept. 3, 2024), *report and recommendation adopted*, 2024 WL 4267931 (E.D. Tex. Sept. 23, 2024).

For the fourth factor, the Court believes an increased-statutory-damages award could deter infringement by others. But Wearable Shoe Tree has provided no information—estimates or otherwise—about how many infringing products have been sold. Without evidence of the profits, sales, revenues, or units sold by the Defaulting Defendants, the Court has no basis from which to calculate an appropriate deterrence-based damage award. That said, this Court has found 393 Defaulting Defendants liable for infringement. Therefore, the sale of counterfeit shoe-tree products appears to be common. This factor thus favors an increased statutory damages award.

As to the fifth factor, the court does not find that the Defaulting Defendants willfully infringed the Shield Trademarks. Courts "have found willful conduct where a defendant acts with reckless disregard for, or with willful blindness toward a trademark owner's rights." *Philip Morris USA Inc. v. Lee*, 547 F.Supp.2d 685, 693 (W.D. Tex. 2008) (cleaned up). Willful blindness occurs when a defendant "knows his actions constitute an infringement; the actions need not have been malicious." *Better Keiki*, 2018 WL 5305571, at *6 (citing *Broad. Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 236 (5th Cir. 1988)).

Courts in this district have considered nine factors to decide whether a defendant willfully violated the Laham Act:[6]

---

[6] *Philip Morris*, 547 F.Supp.2d at 694 (cleaned up). For ease of viewing, the Court broke out the single-sentence list with various internal case citations from *Philip Morris* into the enumerated list here. Only substantive changes are indicated with brackets; stylistic changes are not.

(1) Whether the same conduct underlying the Lanham Act violation also resulted in the defendant's conviction for trafficking counterfeit goods.

(2) Whether the defendant continued to import counterfeit [goods] after U.S. Customs seized similar goods.

(3) The quantity of counterfeit goods imported.

(4) Whether the defendant ceased using the counterfeit goods upon receiving notice of the infringing nature of his conduct.

(5) Whether the defendant believed in good faith that his use of a trademark was lawful.

(6) The purchase price of counterfeit goods.

(7) Whether the defendant attempted to verify the authenticity of goods.

(8) Whether the defendant boasted about his infringement conduct to others.

(9) Whether the defendant actively defended against the infringement claims.

As with the statutory-damages factors, the Court lacks most of the information necessary to make a reasoned determination for each factor. Indeed, the Court has nothing before it to assist its inquiry into factors one, two, three, four, five, seven, or eight. So these factors are all neutral.

As to factor six, Wearable Shoe Tree provides 2,800 pages of screenshots that show purchase-price information for the Defaulting Defendants' products. Wearable Shoe Tree includes no analysis or argument concerning what conclusions the Court should draw from the screenshots or the depicted prices on the screenshots. Given the absence of further information or argument, the Court concludes that this factor is neutral.

Finally, none of the Defaulting Defendants actively defended against the infringement claims here, which weighs in favor of finding willfulness. But overall,

with eight neutral factors and only one favoring willfulness, the Court cannot find that the Defaulting Defendants willfully infringed here. *See GS Holistic*, 2024 WL 4275803, at *7 ("[O]ther than a discrepancy in price and the inference of willfulness because Defendants failed to defend themselves, no evidence of willful infringement exists. Without greater evidence of willful infringement, the court does not find that Defendants willfully infringed the [asserted] trademarks."). Returning to factor five of its statutory-damages inquiry, the willfulness factor is neutral.

For the sixth damages factor, although the Defaulting Defendants have not responded to this lawsuit, Wearable Shoe Tree has provided no information about whether the Defaulting Defendants cooperated in the events leading up to and during the litigation. Therefore, this factor is neutral.

Finally, as to the seventh factor, Wearable Shoe Tree has not shown that statutory damages will deter future infringement by the Defaulting Defendants. Wearable Shoe Tree has shown only that the Defaulting Defendants have infringing products *for sale* on various platforms. (Dkt. #3-2 to #3-10). Again, Wearable Shoe Tree provides no evidence of what sales, if any, have occurred. And Wearable Shoe Tree has not shown that the Defaulting Defendants still sell products bearing the infringing marks. Therefore, this factor is neutral.

In short, the Court finds that six factors are neutral and only one factor merits an enhanced award. Given these findings, an award of $200,000 against each Defaulting Defendant is inappropriate. The evidence before the Court is scant. Similarly scant is supporting case law for the excessive damages sought by Wearable

23

Shoe Tree. And Wearable Shoe Tree failed to show that the Defaulting Defendants ever sold an infringing product; rather, it has shown only that the Defaulting Defendants advertise the accused products. *See* (Dkt. #3-2 to #3-10). Given the minimal evidence submitted by Wearable Shoe Tree, the court awards the statutory minimum for damages—$1,000—for each trademark violation. Because there are 257 trademark violations, the Court awards a total of $257,000 in statutory damages.

A line of cases cited by Wearable Shoe Tree merits brief discussion. After walking through the factors in its briefing, Wearable Shoe Tree cites to a string of three purportedly analogous cases with the plaintiff Phillip Morris USA Inc. (the "*Philip Morris* Cases"). (Dkt. #59 at 16). Those cases dealt with the mass importation of counterfeit cigarettes that infringed on the plaintiff's MARLBORO and MARLBORO LIGHTS trademarks—which were "among the most valuable trademarks in the world, and are among the most widely recognized product symbols among consumers in the United States." *Philip Morris USA Inc. v. Banh*, No. CV 03-4043, 2005 WL 5758392, at *1 (C.D. Cal. Jan. 14, 2005). The evidence in each case was staggering:

- In *Banh*, the United States Bureau of Customs and Border Protection ("U.S. Customs") seized nearly 90,000 cartons of counterfeit cigarettes. 2005 WL 5758392, at *1. Even after this seizure, the counterfeiter was undeterred and continued to import them. *Id.*

- In *Phillip Morris USA Inc. v. Marlboro Express*, the three defendants imported about 200,000 cartons of counterfeit cigarettes. No. CV-03-1161, 2005 WL 2076921, at *2 (E.D.N.Y. Aug. 26, 2005). U.S. Customs brought criminal charges against the defendants, who each pleaded guilty. *Id.* The Government estimated that the value of the infringing cartons was almost $5 million. *Id.* at *6.

- In *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, U.S. Customs identified the defendant as the importer of 8,000,000 counterfeit cigarettes. 219 F.R.D.

494, 496 (C.D. Cal. 2003). The evidence showed that the street value of the imported cigarettes was in the "millions of dollars." *Id.* at 502.

These cases are unhelpful because Wearable Shoe Tree has presented no such evidence here. The Court has no proof that the Defaulting Defendants imported hundreds of thousands of infringing products into the United States; indeed, it doesn't even have proof that *one* infringing product was imported into the United States. Nor does the Court have proof that the Defaulting Defendants have made millions of dollars in profits. Again, Wearable Shoe Tree hasn't shown that the Defaulting Defendants have profited *at all*. There is also no evidence of U.S. Customs seizing infringing products or of any criminal indictments against the Defaulting Defendants. Finally, Wearable Shoe Tree has not established that the Shield Trademarks are "among the most valuable trademarks in the world." In short, the Court has no evidence before it like the courts had before them in the *Philip Morris* cases to justify enhanced statutory damages.

### ii. Attorney's Fees

Wearable Shoe Tree requests attorney's fees of $48,627.50, (Dkt. #60, #88), pointing to 15 U.S.C. § 1117(a) and 35 U.S.C. § 285. The Court denies this request.

Under the "American Rule" "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126, 135 S.Ct. 2158, 192 L.Ed.2d 208 (2015) (citation omitted). Thus, a party seeking attorney's fees must identify the statute or contract that provides a basis for an award. *See id.*; *see also Spear Mktg., Inc. v. BancorpSouth Bank*, 844 F.3d 464, 470 (5th Cir. 2016) ("A district court may not award attorneys'

fees 'unless a statute or contract provides' the basis for such an award." (citing *Baker Botts*, 576 U.S. at 126)).

Both 15 U.S.C. § 1117(a) and 35 U.S.C. § 285 provide for attorney's fees using the same language: "The Court *in exceptional cases* may award reasonable attorney fees to the prevailing party." (emphasis added). After the Supreme Court's holding in *Octane Fitness*, the Fifth Circuit revised its standard for exceptional cases in the trademark-infringement context:

> [A]n exceptional case is one where (1) in considering both governing law and the facts of the case, the case stands out from others with respect to the substantive strength of a party's litigating position; or (2) the unsuccessful party has litigated the case in an "unreasonable manner."

*Baker v. DeShong*, 821 F.3d 620, 625 (5th Cir. 2016) (citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554, 134 S.Ct. 1749, 188 L.Ed.2d 816 (2014)). In addition, a case may be exceptional when "the defendant's trademark infringement can be characterized as malicious, fraudulent, deliberate, or willful." *Tex. Pig Stands, Inc. v. Hard Rock Cafe Int'l*, 951 F.2d 684, 697 (5th Cir. 1992) (cleaned up). Even still, the "district court must address this issue 'in the case-by-case exercise of their discretion, considering the totality of the circumstances.'" *Baker*, 821 F.3d at 625. (citation omitted).

More recent Fifth Circuit precedent elucidates the exceptional-case standard. For instance, in *Alliance for Good Government v. Coalition for Better Government*, the Fifth Circuit affirmed the district court's finding that the litigant behaved unreasonably based on the "strength of [Plaintiff's] litigating position" and the following acts by the defendant: (1) defendant filed "an unsupported laches defense;

26

a counterclaim without any actionable conduct; and a meritless motion to dismiss that was rendered moot by a summary judgment motion filed two weeks later"; and (2) defendant "refus[ed] to postpone depositions after the district court ruled on the parties' cross-motions for summary judgment." 919 F.3d 291, 296 (5th Cir. 2019) (cleaned up). In short, the Defendant's litigation conduct was wasteful, led to protracted litigation, and was done in bad faith.

Another example is *Spectrum Ass'n Management of Texas, L.L.C. v. Lifetime HOA Management L.L.C.*, in which the Fifth Circuit affirmed the district court's finding that the case was exceptional given the "overwhelming evidence" that defendants (1) "acted in bad faith by registering and using an infringing internet domain with the intent to divert a direct competitor's potential customers to [defendant's] website"; and (2) "engaged in post-trial misconduct by blatantly copying text from [defendant's] website[.]" 5 F.4th 560, 567 (5th Cir. 2021). Taking these two cases together, overwhelming evidence, combined with bad-faith business or litigation tactics appear to be the prototypical exceptional case.

We have none of the markers of an exceptional case here. Wearable Shoe Tree's litigating position was only sufficient to find certain Defaulting Defendants liable for infringing one of three asserted trademarks. And although the Court found that Wearable Shoe Tree had sufficiently pleaded patent-infringement violations for most of the Defaulting Defendants, it provided nothing to support any damages for those violations. Despite its claims being unopposed by the Defaulting Defendants, Wearable Shoe Tree still failed to succeed on many of its claims. The lackluster

strength of its litigating position is thus far from exceptional. *Baker*, 821 F.3d at 625.

And there is no evidence before the Court that would allow it to infer that the Defaulting Defendants litigated in an unreasonable manner or engaged in bad-faith business or litigation tactics. *Ass'n Mgmt. of Tex*, 5 F.4th at 567. Nor did the Court find that the Defaulting Defendant's trademark infringement was "malicious, fraudulent, deliberate, or willful." *Tex. Pig Stands*, 951 F.2d at 697. Considering the totality of the circumstances, the Court finds that nothing about this case is exceptional. Wearable Shoe Tree's request for attorney's fees is denied.

### iii. Permanent Injunction

Wearable Shoe Tree's final request is for this Court to enter a permanent injunction "enjoining defaulting Defendants from continuing their infringing use of the Infringing Products pursuant to 15 U.S.C. § 1116." (Dkt. #59 at 17–18). As the requested relief is confined to the 257 Defaulting Defendants who committed trademark violations, the court grants the requested injunction.

The party seeking a permanent injunction must demonstrate "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C*, 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006); *see also Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 478 n.39 (5th Cir. 2020) (explaining that a plaintiff must satisfy "the

traditional four-factor test" before "permanent injunctive relief can be awarded"). Deciding whether to grant or deny permanent injunctive relief falls within the district court's discretion. *Id.*

All four factors weigh in favor of granting a permanent injunction against those Defendants. Wearable Shoe Tree has shown that it suffered an irreparable injury by proving that certain Defaulting Defendants have used the '820 Mark to advertise and sell counterfeit products. Monetary damages are insufficient because there is a possibility of harm to Wearable Shoe Tree's reputation, which constitutes irreparable harm for a permanent injunction. *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1056 (5th Cir. 1997) (finding that potential damage to reputation was sufficient for irreparable harm). The balance of hardships weighs in Wearable Shoe Tree's favor because the Defaulting Defendants have not appeared or responded in this case although they were properly served. Finally, the public interest factor weighs in favor of an injunction because the public interest favors a robust intellectual-property system with adequate protections for those who spend the time and effort to receive protection for their unique designs, inventions, and businesses. Allowing the Defaulting Defendants to continue their behavior would flout this system. Accordingly, a permanent injunction is warranted.

### b. Patent Infringement

Turning to remedies for the Defaulting Defendants' patent violations, Wearable Shoe Tree has presented no evidence of actual damages. It does not even argue that the Court should award patent-infringement damages in its motion for

default judgment.[7] Without evidence to support actual patent-infringement-related damages, the Court cannot award any. Therefore, no damages are awarded for the 376 patent-infringement violations. The Court does find, however, that a permanent injunction is warranted for the same reasons the Court provided above. *See supra* Part.III.a.iii. The Court therefore enters a permanent injunction as to the 376 Defaulting Defendants who committed patent-infringement violations.

## IV. CONCLUSION

It is therefore **ORDERED** that Plaintiff Wearable Shoe Tree LLC's Motion for Default Judgment and Permanent Injunction, (Dkt. #59), is **GRANTED IN PART**. In particular, the Court holds as follows for the 396 Defaulting Defendants:

- Wearable Shoe Tree has failed to show that it is entitled to default judgment against three of the Defaulting Defendants because it only alleged that they infringed U.S. Trademark Registration No. 4,686,931, and Wearable Shoe Tree failed to make a prima-facie showing that this trademark was infringed. *See infra* Appendix 1.

- Wearable Shoe Tree has shown that it is entitled to a default judgment against 393 Defaulting Defendants. Of the 393 Defaulting Defendants, 257 are liable for infringement of U.S. Trademark Registration No. 6,220,820. In addition, 376 are liable for infringement of U.S. Patent No. D970,203. Some are liable for both. *See infra* Appendix 1.

  - o  For each of the 257 Defaulting Defendants liable for trademark infringement, the Court awards $1,000 in statutory damages and enters a permanent injunction. In total, Wearable Shoe Tree is entitled to $257,000 in statutory damages.

  - o  For each of the 376 Defaulting Defendants liable for patent infringement, the Court awards $0 in damages and enters a permanent injunction.

- Wearable Shoe Tree has failed to show that any Defaulting Defendant infringed U.S. Trademark Registration No. 88,750,733.

- Wearable Shoe Tree has failed to show that any Defaulting Defendant infringed U.S. Trademark Registration No. 4,686,931.

---

[7] Statutory damages are not available for patent infringement. *See* 35 U.S.C. § 284.

It is further **ORDERED** that Plaintiff Wearable Shoe Tree LLC's Motion for Attorney's Fees, (Dkt. #60), is **DENIED**.

The Court will permit Wearable Shoe Tree to submit a bill of costs not later than thirty days after entry of judgment, if it desires to do so, in accordance with 28 U.S.C. § 1920.

**So ORDERED and SIGNED this 20th day of March, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

# Appendix 1

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Shijiazhuang Aofeite Imp & Exp Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #1 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 2 | Yiwu Lintai Import&Export Co., Ltd. | Patent | (Dkt. #3) Exhibit 2: Doe #2 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 3 | Shijiazhuang Aofeite Imp & Exp Co., Ltd. | Patent | (Dkt. #3) Exhibit 2: Doe #3 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 4 | Shenzhen Baibaikang Technology Co., Ltd. | Patent | (Dkt. #3) Exhibit 2: Doe #4 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 5 | Beijing Bid Ace Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #5 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 6 | Yiwu Chic Seeker Accessories Co., Ltd. | Patent | (Dkt. #3) Exhibit 2: Doe #6 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 7 | Yangzhou Runtong International Trading Co., Ltd. | Patent | (Dkt. #3) Exhibit 2: Doe #7 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 8 | Fuzhou Nice Trading Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #8 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 9 | Yiwu Yansheng Electronic Commerce Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #9 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 10 | Yangzhou Trensh Sports Products Factory | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #10 | 622082 0 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 11 | Shenzhen Fengyuan Foreign Trade Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #11 | 622082 0 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 13 | Yiwu Liangao Electronic Commerce Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #13 | 622082 0 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 14 | Dongguan No. 8 Footwear Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #14 | 468693 1, 622082 0 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 15 | Dongguan Fanling E-Commerce Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #15 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 17 | DONGGUAN L&N SHOE MATERIAL CO.,LTD | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #17 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 21 | Ningbo Finer Medical Instruments Co., Ltd. | Patent | (Dkt. #3) Exhibit 2: Doe #21 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 22 | Dongguan Ucom Info Tech Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #22 | 4686931 | 2 | 1 | 1 | Yes | $0.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 25 | Guangzhou Linke International Trade Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #25 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 28 | Dongguan City Everhealth Industrial Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #28 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 29 | Henan Bangni Biological Engineering Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #29 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 30 | Wenzhou Holdapple Technology Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #30 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 34 | Guangzhou Keenfull Commodity Co., Limited | Trademark | (Dkt. #3) Exhibit 2: Doe #34 | 4686931 | 1 | 0 | 1 | No | $0.00 / Permanently Enjoined |
| 35 | Yiwu Kejia Import And Export Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #35 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 36 | Guangzhou blue shark trading co. LTD | Patent | (Dkt. #3) Exhibit 2: Doe #36 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 37 | Shenzhen Lindsay Technology Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #37 | 4686931 | 2 | 1 | 1 | Yes | $0.00 / Permanently Enjoined |
| 39 | Hebei Melenlt Trade Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #39 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 41 | Ningbo Mooyee International Trade Co., Ltd | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #41 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 42 | Shenzhen New Greatwall Technology Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #42 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 43 | Tangshan Olian Technology Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #43 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 44 | Wenzhou Olivashow Art Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #44 | 4686931 | 2 | 1 | 1 | Yes | $0.00 / Permanently Enjoined |
| 46 | Yiwu Jingfeng Trading Co. Ltd | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #46 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 47 | Sichuan Machinery Import & Export Corp. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #47 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 48 | Taizhou Shuyuan Industry And Trade Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #48 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 49 | Sijun (Hangzhou) Commerce Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #49 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 50 | Hangzhou Smile Home Deco Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #50 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 51 | Shenzhen Bestry International Trade Co.,Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #51 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 53 | Shenzhen Huacheng Mingzhu Technology Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #53 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 54 | Guangdong Tajian Sports Goods Co., Ltd | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #54 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 56 | Huizhou Umyidea Silicone Rubber Ware Co., Ltd. | Patent | (Dkt. #3) Exhibit 2: Doe #56 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 57 | Wuhan Utlife Technology Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #57 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 59 | Suzhou Weijin Optoelectronic Technology Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #59 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 60 | Guangzhou Yifan Technology Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #60 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 62 | Shenzhen Ximeiqi E-Commerce Trade Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #62 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 66 | Shijiazhuang Yumi Imp. & Exp. Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #66 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 67 | Xi'an Explution Tech Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #67 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 70 | Dongguan Zhiguo New Material Technology Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #70 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 71 | Shenzhen Longgang Yunna E-Commerce Firm | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #71 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 73 | Dongguan Zesheng Technology Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #73 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 75 | Unique Care Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #75 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 76 | Universal A Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #76 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 77 | Soumit Official Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #77 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 79 | leyou Official Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #79 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 80 | ZXY SHOELACE Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #80 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 81 | YuanXiang Zhu NO.8 Shoe Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #81 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 82 | GDZHLbag Official Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #82 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 83 | Demine Official Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #83 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 84 | Z-S Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #84 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 85 | Zshare Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #85 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 86 | Qcotta factory Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #86 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 88 | AAAAAAbe auti ful enchantme nt Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #88 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 89 | SMATLEL F Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #89 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 90 | Magical product Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #90 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 91 | Shop52531 94 Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #91 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 92 | xxin Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #92 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 93 | Shopping in your Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #93 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 94 | Machalon-Sports Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #94 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 95 | My Simple Life Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #95 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 96 | XIZOU Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #96 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 97 | Foot Master Official Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #97 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 98 | Bangnipad Official Store | Patent | (Dkt. #3) Exhibit 2: Doe #98 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 99 | THREEMA GI Official Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #99 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 101 | Sunvo Official Store | Patent | (Dkt. #3) Exhibit 2: Doe #101 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 102 | Hnbangni Store | Patent | (Dkt. #3) Exhibit 2: Doe #102 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 103 | SMATLELF Shoe accessories Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #103 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 104 | Geetes Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #104 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 105 | YiFrancais Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #105 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 106 | AAF1980S Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #106 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 107 | Shop9105643 68 Store | Trademark | (Dkt. #3) Exhibit 2: Doe #107 | 6220820 | 1 | 0 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 108 | wvk9116623 Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #108 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 109 | Personalized shoelaces Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #109 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 110 | 7 TALK Store | Patent | (Dkt. #3) Exhibit 2: Doe #110 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 111 | Little stars 80 Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #111 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 112 | Shoe Accessories 001 Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #112 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 113 | NAFOING Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #113 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 114 | Healfii Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #114 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 115 | Apes Da da da Store | Patent | (Dkt. #3) Exhibit 2: Doe #115 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 117 | NAFOING Official Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #117 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 118 | Soumit Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #118 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 119 | BMZ-H22 Store Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #119 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 120 | Shop1102123 058 Store | Patent | (Dkt. #3) Exhibit 2: Doe #120 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 121 | 77 shoe accessories Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #121 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 122 | Shop1102161 433 Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #122 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 123 | NIUNIU Treasure Chest Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #123 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 124 | YTOOBOYZ Insole Official Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #124 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 125 | Elino Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #125 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 126 | I Awesome Show Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #126 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 131 | Liao Bin | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #131 | 4686931 | 2 | 1 | 1 | Yes | $0.00 / Permanently Enjoined |
| 132 | filwahgo store | Patent | (Dkt. #3) Exhibit 2: Doe #132 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 133 | QCBB | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #133 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 135 | Aduksa | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #135 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 136 | Tannish | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #136 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 137 | GOPECH | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #137 | 4686931 | 2 | 1 | 1 | Yes | $0.00 / Permanently Enjoined |
| 138 | MINLILI | Patent | (Dkt. #3) Exhibit 2: Doe #138 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 139 | LiuXiaoLi-A | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #139 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 143 | NgocThanh_0 1 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #143 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 144 | twentyfour | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #144 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 145 | Fmangbl | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #145 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 147 | RONNY FUANG | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #147 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 150 | Amazon Merchant ID A1P956GFP64QI | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #150 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 153 | Tamoo Direct | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #153 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 158 | OLLZ | Patent | (Dkt. #3) Exhibit 2: Doe #158 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 159 | daminggong | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #159 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 160 | LEPILOBULL | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #160 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 161 | lihongchun | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #161 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 164 | QIRRUN | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #164 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 166 | PeyNam | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #166 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 169 | Ruixidz | Patent | (Dkt. #3) Exhibit 2: Doe #169 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 170 | Paloya | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #170 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 174 | MZ_YH US | Patent | (Dkt. #3) Exhibit 2: Doe #174 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 176 | bibigood | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #176 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 177 | ZhangXueQian 888 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #177 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 180 | DGambition | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #180 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 182 | Tootwo | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #182 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 188 | IRRIDF | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #188 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 189 | yonzhen | Patent | (Dkt. #3) Exhibit 2: Doe #189 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 194 | LiMi-ngYu | Patent | (Dkt. #3) Exhibit 2: Doe #194 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 198 | GuoJinXin 11 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #198 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 199 | AILIKESE | Patent | (Dkt. #3) Exhibit 2: Doe #199 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 201 | Changxing Shop | Patent | (Dkt. #3) Exhibit 2: Doe #201 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 211 | CREEHIN | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #211 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 213 | vaceci | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #213 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 216 | WELOVE6979 | Patent | (Dkt. #3) Exhibit 2: Doe #216 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 217 | Meides | Trademark | (Dkt. #3) Exhibit 2: Doe #217 | 6220820 | 1 | 0 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 226 | hexuemeideme iguodian | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #226 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 227 | Superfly Commerce Ltd | Patent | (Dkt. #3) Exhibit 2: Doe #227 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 230 | qingkucun | Trademark | (Dkt. #3) Exhibit 2: Doe #230 | 6220820 | 1 | 0 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 235 | lingshidianzi | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #235 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 236 | YADADA Nail Art | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #236 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 237 | Smartpoppy | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #237 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 245 | ZIXI2-US | Trademark | (Dkt. #3) Exhibit 2: Doe #245 | 4686931 | 1 | 0 | 1 | No | $0.00 |
| 251 | Meya Online | Patent | (Dkt. #3) Exhibit 2: Doe #251 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 252 | gakporong | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #252 | 4686931 | 2 | 1 | 1 | Yes | $0.00 / Permanently Enjoined |
| 253 | xsamsud_in | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #253 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 256 | gqfs_seller Store | Patent | (Dkt. #3) Exhibit 2: Doe #256 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 257 | quan05 Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #257 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|-------|---------------|----------------------|---------------------|-------------|-------------------------------|-------------------|---------------------|---------------------|----------------|
| 258 | quan06 Store | Patent | (Dkt. #3) Exhibit 2: Doe #258 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 259 | springfang Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #259 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 260 | hairclipper s201 1 Store | Patent | (Dkt. #3) Exhibit 2: Doe #260 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 261 | lonyee Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #261 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 262 | bdebag Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #262 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 263 | likefire Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #263 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 264 | youngstore 06 Store | Patent | (Dkt. #3) Exhibit 2: Doe #264 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 265 | papahoney Store | Patent | (Dkt. #3) Exhibit 2: Doe #265 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 266 | bebebus Store | Patent | (Dkt. #3) Exhibit 2: Doe #266 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|-------|--------------|----------------------|--------------------|-----------|------------------------------|------------------|---------------------|-------------------|----------------|
| 267 | yoursbuy Store | Patent | (Dkt. #3) Exhibit 2: Doe #267 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 268 | crocch_arms hop Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #268 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 269 | omkc Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #269 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 270 | nmmn Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #270 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 271 | ymm1 Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #271 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 272 | dcvu Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #272 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 273 | qvgq Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #273 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 274 | dwyp Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #274 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 275 | uwfk Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #275 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 276 | aeex Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #276 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 277 | netm Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #277 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 278 | hsbl Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #278 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 279 | pm8c Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #279 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 280 | croccharmslett er Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #280 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 281 | lfyshoebag Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #281 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 282 | myccharm Store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #282 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 284 | 2015idrosa | Patent | (Dkt. #3) Exhibit 2: Doe #284 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 285 | abaz-6123 | Patent | (Dkt. #3) Exhibit 2: Doe #285 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 287 | aeangg0 | Patent | (Dkt. #3) Exhibit 2: Doe #287 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 288 | agpujiar-0 | Patent | (Dkt. #3) Exhibit 2: Doe #288 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 289 | aiska-47 | Patent | (Dkt. #3) Exhibit 2: Doe #289 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 290 | alhmohame dal h_0 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #290 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 292 | ang1911 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #292 | 4686931 | 2 | 1 | 1 | Yes | $0.00 / Permanently Enjoined |
| 293 | arja-9046 | Patent | (Dkt. #3) Exhibit 2: Doe #293 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 294 | aryabmuha m | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #294 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 295 | ashalic67 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #295 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 297 | aymroom | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #297 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 299 | bahbe-0 | Trademark | (Dkt. #3) Exhibit 2: Doe #299 | 6220820 | 1 | 0 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 300 | bakgun_57 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #300 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 303 | bayuvtriy0 | Trademark | (Dkt. #3) Exhibit 2: Doe #303 | 6220820 | 1 | 0 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 304 | berkahselalu | Patent | (Dkt. #3) Exhibit 2: Doe #304 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 305 | besandote | Trademark | (Dkt. #3) Exhibit 2: Doe #305 | 6220820 | 1 | 0 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 306 | bimnat_0 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #306 | 4686931 | 2 | 1 | 1 | Yes | $0.00 / Permanently Enjoined |
| 308 | buckerscrafts-1 | Patent | (Dkt. #3) Exhibit 2: Doe #308 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 309 | carfavorite | Trademark | (Dkt. #3) Exhibit 2: Doe #309 | 4686931 | 1 | 0 | 1 | No | $0.00 |
| 310 | chadbb | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #310 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 312 | cifbuy_it | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #312 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 313 | condor.deals | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #313 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 316 | danceke01 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #316 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 319 | defann32r | Patent | (Dkt. #3) Exhibit 2: Doe #319 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 320 | demetstesteph | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #320 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 321 | didarm_91 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #321 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 322 | dirt-n-dunes | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #322 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 324 | dong_xia1 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #324 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 326 | duerdenltd | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #326 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 327 | dxntatme | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #327 | 4686931 | 2 | 1 | 1 | Yes | $0.00 / Permanently Enjoined |
| 328 | easy2shop_ltd | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #328 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 329 | erhasi14 | Patent | (Dkt. #3) Exhibit 2: Doe #329 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 330 | erivari-2530 | Patent | (Dkt. #3) Exhibit 2: Doe #330 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 331 | evievo_0 | Patent | (Dkt. #3) Exhibit 2: Doe #331 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 332 | farsho-77 | Patent | (Dkt. #3) Exhibit 2: Doe #332 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 333 | funda48 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #333 | 4686931 | 2 | 1 | 1 | Yes | $0.00 / Permanently Enjoined |
| 334 | giftforyou777- 373 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #334 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|-------|---------------|----------------------|--------------------|------------|------------------------------|-------------------|---------------------|--------------------|----------------|
| 335 | goingoutofbusi ness100 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #335 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 336 | golden_clos et | Patent | (Dkt. #3) Exhibit 2: Doe #336 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 337 | goldstore02 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #337 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 339 | gozeemagic _of ficial | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #339 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 341 | heng.shuan g | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #341 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 342 | herta-6115 | Patent | (Dkt. #3) Exhibit 2: Doe #342 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 344 | hndrx.store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #344 | 4686931 | 2 | 1 | 1 | Yes | $0.00 / Permanently Enjoined |
| 347 | huskhat_46 | Patent | (Dkt. #3) Exhibit 2: Doe #347 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 349 | im_cifbuy | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #349 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 350 | in-demand2020 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #350 | 4686931 | 2 | 1 | 1 | Yes | $0.00 / Permanently Enjoined |
| 351 | incass | Patent | (Dkt. #3) Exhibit 2: Doe #351 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 352 | jg_buy_store | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #352 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 354 | jinab-26 | Patent | (Dkt. #3) Exhibit 2: Doe #354 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 356 | joey_772003 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #356 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 358 | kaalmart_retail | Patent | (Dkt. #3) Exhibit 2: Doe #358 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 359 | kapila_6 | Trademark | (Dkt. #3) Exhibit 2: Doe #359 | 6220820 | 1 | 0 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 360 | ketan.ireng | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #360 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 362 | lakerschampio n1 | Patent | (Dkt. #3) Exhibit 2: Doe #362 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 365 | liler_8266 | Patent | (Dkt. #3) Exhibit 2: Doe #365 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 366 | mael-748 | Patent | (Dkt. #3) Exhibit 2: Doe #366 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 367 | megaflyers | Trademark | (Dkt. #3) Exhibit 2: Doe #367 | 6220820 | 1 | 0 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 368 | miw021 | Patent | (Dkt. #3) Exhibit 2: Doe #368 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 369 | mohaosma_2 | Patent | (Dkt. #3) Exhibit 2: Doe #369 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 370 | myessentials66 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #370 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 371 | mylabentscool | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #371 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 372 | namahe64 | Trademark | (Dkt. #3) Exhibit 2: Doe #372 | 6220820 | 1 | 0 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 373 | nasrealm | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #373 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 375 | ngo-2684 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #375 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 376 | nicelocorp | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #376 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 377 | niel-19 | Patent | (Dkt. #3) Exhibit 2: Doe #377 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 378 | nitesda | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #378 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 379 | oktyas0 | Patent | (Dkt. #3) Exhibit 2: Doe #379 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 380 | orlya80 | Trademark | (Dkt. #3) Exhibit 2: Doe #380 | 6220820 | 1 | 0 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 382 | per_654 | Patent | (Dkt. #3) Exhibit 2: Doe #382 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 383 | poovith-42 | Patent | (Dkt. #3) Exhibit 2: Doe #383 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 384 | power_fast_sal es | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #384 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 385 | powerstores | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #385 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 386 | qinda2021 | Patent | (Dkt. #3) Exhibit 2: Doe #386 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 387 | rachmayunp_0 | Patent | (Dkt. #3) Exhibit 2: Doe #387 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 388 | rachmin84 | Patent | (Dkt. #3) Exhibit 2: Doe #388 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 389 | rezha_96 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #389 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 390 | rizsh-9499 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #390 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 391 | rotigoreng | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #391 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 392 | shoestack.ltd | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #392 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 393 | sholma-35 | Patent | (Dkt. #3) Exhibit 2: Doe #393 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 394 | skea-33 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #394 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 397 | successfulc hoi ces | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #397 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 398 | sumac_684 0 | Patent | (Dkt. #3) Exhibit 2: Doe #398 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 399 | t_boutique | Patent | (Dkt. #3) Exhibit 2: Doe #399 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 400 | tangtang-2 | Trademark | (Dkt. #3) Exhibit 2: Doe #400 | 6220820 | 1 | 0 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 401 | teirw-32 | Patent | (Dkt. #3) Exhibit 2: Doe #401 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 402 | terrelfraze_ 1 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #402 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 404 | thecreaseprev enters | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #404 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 407 | tsik_36 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #407 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 410 | urelect0 | Patent | (Dkt. #3) Exhibit 2: Doe #410 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 411 | us.manufac tur er | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #411 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 412 | weiga41 | Trademark | (Dkt. #3) Exhibit 2: Doe #412 | 6220820 | 1 | 0 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 414 | yawa-6343 | Patent | (Dkt. #3) Exhibit 2: Doe #414 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 416 | yuanmilove life- mall | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #416 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 417 | z_hen2 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #417 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 418 | zechri_69 | Patent | (Dkt. #3) Exhibit 2: Doe #418 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 421 | zoo_tomas | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #421 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 422 | AirCrease | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #422 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 423 | EMILYGREEN ARTSTORE | Patent | (Dkt. #3) Exhibit 2: Doe #423 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 424 | GraffitiSneaks | Patent | (Dkt. #3) Exhibit 2: Doe #424 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 425 | guogiftshop | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #425 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 426 | PumpsUtopia | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #426 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 427 | Puresugar | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #427 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 428 | Sunvo | Patent | (Dkt. #3) Exhibit 2: Doe #428 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 429 | ZHUANGY ON G | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #429 | 468693 1 | 2 | 1 | 1 | Yes | $0.00 / Permanently Enjoined |
| 430 | MEETFAS HIO N SHOES | Patent | (Dkt. #3) Exhibit 2: Doe #430 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 434 | MQking Shoes | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #434 | 622082 0 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 441 | Affortable Confience | Patent | (Dkt. #3) Exhibit 2: Doe #441 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 442 | Aftecka | Patent | (Dkt. #3) Exhibit 2: Doe #442 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 443 | AirME Shoes | Patent | (Dkt. #3) Exhibit 2: Doe #443 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 444 | ALL for SHOESS | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #444 | 468693 1, 622082 0 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 445 | ANTICREASE GAURDS | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #445 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 446 | Creasekeep | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #446 | 4686931 | 2 | 1 | 1 | Yes | $0.00 / Permanently Enjoined |
| 447 | Drip By MK | Patent | (Dkt. #3) Exhibit 2: Doe #447 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 448 | Ehidosa Sneakers | Patent | (Dkt. #3) Exhibit 2: Doe #448 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 449 | ErmisClo | Patent | (Dkt. #3) Exhibit 2: Doe #449 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 450 | GIÚTA STREETWEAR Ltd | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #450 | 4686931 | 2 | 1 | 1 | Yes | $0.00 / Permanently Enjoined |
| 451 | High On Air | Patent | (Dkt. #3) Exhibit 2: Doe #451 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 452 | KarlsKicks | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #452 | 4686931 | 2 | 1 | 1 | Yes | $0.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 453 | Kick Collective | Patent | (Dkt. #3) Exhibit 2: Doe #453 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 454 | lazyboysneakerz | Patent | (Dkt. #3) Exhibit 2: Doe #454 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 455 | LiftSolez | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #455 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 457 | Mr.DeCrease | Patent | (Dkt. #3) Exhibit 2: Doe #457 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 459 | REVIVE Footwear | Patent | (Dkt. #3) Exhibit 2: Doe #459 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 460 | SNEAKER CLINIC | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #460 | 4686931 | 2 | 1 | 1 | Yes | $0.00 / Permanently Enjoined |
| 461 | Sneakers Extras | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #461 | 4686931 | 2 | 1 | 1 | Yes | $0.00 / Permanently Enjoined |
| 462 | Sneaker Plaza | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #462 | 4686931 | 2 | 1 | 1 | Yes | $0.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 463 | Sneakers Dealers | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #463 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 465 | WONDERS NE AKERS | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #465 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 466 | bethewarranty.com | Patent | (Dkt. #3) Exhibit 2: Doe #466 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 469 | Prior | Patent | (Dkt. #3) Exhibit 2: Doe #469 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 470 | Superslicks India | Patent | (Dkt. #3) Exhibit 2: Doe #470 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 472 | Wilkins | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #472 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 473 | Zapping Sneakers | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #473 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 474 | ZazaDrip | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #474 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 475 | ZNEAKER ZON E | Patent | (Dkt. #3) Exhibit 2: Doe #475 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 476 | ASKET | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #476 | 468693 1 | 2 | 1 | 1 | Yes | $0.00 |
| 477 | besin | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #477 | 622082 0 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 479 | hellofrind | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #479 | 468693 1, 622082 0 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 480 | Home Direct | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #480 | 622082 0 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 485 | LUCKYPA NPA N | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #485 | 622082 0 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 487 | MI SURICAT | Patent | (Dkt. #3) Exhibit 2: Doe #487 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 490 | peideluo | Patent | (Dkt. #3) Exhibit 2: Doe #490 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 491 | PINK TOWN | Patent | (Dkt. #3) Exhibit 2: Doe #491 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 496 | Tao Home | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #496 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 497 | VICSPORT | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #497 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 498 | YADADA beauty | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #498 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 499 | YADADA nail art | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #499 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 500 | YiMi Stroe | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #500 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 503 | Xinlie | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #503 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 504 | FUBO | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #504 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 505 | Hongduoyuan | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #505 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 508 | SANYES | Patent | (Dkt. #3) Exhibit 2: Doe #508 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 509 | Y'Trading Co.Ltd | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #509 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 510 | Eastjing | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #510 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 514 | XiaoHeHe Crease Protectors | Patent | (Dkt. #3) Exhibit 2: Doe #514 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 515 | Fchunhe | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #515 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 516 | RNAIRNI | Patent | (Dkt. #3) Exhibit 2: Doe #516 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 517 | XXMAO | Patent | (Dkt. #3) Exhibit 2: Doe #517 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|-------|---------------|----------------------|--------------------|-----------|-----------------------------|------------------|---------------------|-------------------|----------------|
| 520 | Warmthan Deer | Patent | (Dkt. #3) Exhibit 2: Doe #520 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 521 | KangMang Gou .CO.ltd | Patent | (Dkt. #3) Exhibit 2: Doe #521 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 524 | AngieDD | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #524 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 525 | HKH | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #525 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 526 | Yijing | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #526 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 527 | Jingwei Culture Media Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #527 | 4686931 | 2 | 1 | 1 | Yes | $0.00 / Permanently Enjoined |
| 528 | Xuchan Technology Co, Ltd. | Patent | (Dkt. #3) Exhibit 2: Doe #528 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 529 | Hongkun Trading Co., Ltd. | Patent | (Dkt. #3) Exhibit 2: Doe #529 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 530 | Xikong Trading Co., Ltd. | Patent | (Dkt. #3) Exhibit 2: Doe #530 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 531 | Fancy seller | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #531 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 532 | DIANKANG Co. ltd | Patent | (Dkt. #3) Exhibit 2: Doe #532 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 533 | Easy Choice | Patent | (Dkt. #3) Exhibit 2: Doe #533 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 534 | EEL | Patent | (Dkt. #3) Exhibit 2: Doe #534 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 535 | HZCY | Patent | (Dkt. #3) Exhibit 2: Doe #535 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 536 | Heze Yuankun Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #536 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 537 | Wanning Langrun Co., Ltd. | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #537 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 538 | OMKARSY | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #538 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 540 | apple guo | Patent | (Dkt. #3) Exhibit 2: Doe #540 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 541 | Laura | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #541 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 542 | leioqing | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #542 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 543 | clothingfront | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #543 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 546 | lixianyang | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #546 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 548 | windee2532 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #548 | 4686931, | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| | | | | 6220820 | | | | | |
| 549 | Myrianyy | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #549 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 550 | Sandra roblesyy | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #550 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 551 | stay hurricanes | Patent | (Dkt. #3) Exhibit 2: Doe #551 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 552 | sniukhdxv wzyig uo | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #552 | 4686931 | 2 | 1 | 1 | Yes | $0.00 |
| 553 | qyangqinsd | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #553 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 554 | jjingosuda | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #554 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 555 | Lime Store | Patent | (Dkt. #3) Exhibit 2: Doe #555 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 556 | yaofa18 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #556 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 557 | wangcaili | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #557 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 558 | yaojinfeng | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #558 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 559 | illdangbag | Patent | (Dkt. #3) Exhibit 2: Doe #559 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 560 | daebagtem | Patent | (Dkt. #3) Exhibit 2: Doe #560 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 561 | Joybuy Express Seller 1 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #561 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 562 | Joybuy Express Seller 2 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #562 | 4686931 | 2 | 1 | 1 | Yes | $0.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 563 | Joybuy Express Seller 3 | Trademark | (Dkt. #3) Exhibit 2: Doe #563 | 6220820 | 1 | 0 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 564 | Joybuy Express Seller 4 | Trademark | (Dkt. #3) Exhibit 2: Doe #564 | 6220820 | 1 | 0 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 565 | Joybuy Express Seller 5 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #565 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 567 | Joybuy Express Seller 7 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #567 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 569 | Joybuy Express Seller 9 | Patent | (Dkt. #3) Exhibit 2: Doe #569 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |
| 570 | Joybuy Express Seller 10 | Trademark | (Dkt. #3) Exhibit 2: Doe #570 | 6220820 | 1 | 0 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 572 | Joybuy Express Seller 12 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #572 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 573 | Joybuy Express Seller 13 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #573 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 575 | Joybuy Express Seller 15 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #575 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 580 | Joybuy Seller 3 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #580 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 581 | Joybuy Seller 4 | Trademark | (Dkt. #3) Exhibit 2: Doe #581 | 6220820 | 1 | 0 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 582 | Joybuy Seller 5 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #582 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 583 | Joybuy Seller 6 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #583 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 584 | Joybuy Seller 7 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #584 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 586 | Joybuy Seller 9 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #586 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|-------|---------------|----------------------|---------------------|-------------|-------------------------------|-------------------|----------------------|--------------------|----------------|
| 587 | Joybuy Seller 10 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #587 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 588 | Joybuy Seller 11 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #588 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 589 | Joybuy Seller 12 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #589 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 590 | Joybuy Seller 13 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #590 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 591 | Joybuy Seller 14 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #591 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 594 | Joybuy Seller 17 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #594 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 595 | Joybuy Seller 18 | Patent | (Dkt. #3) Exhibit 2: Doe #595 | | 1 | 1 | 0 | Yes | $0.00 / Permanently Enjoined |

| Doe # | Merchant Name | Alleged IP Violations | Proof of Violations | TM Reg. No. | Total Number of IP Violations | Patent Violations | Trademark Violations | Liability (Yes/No) | Final Judgment |
|---|---|---|---|---|---|---|---|---|---|
| 596 | Joybuy America Seller 1 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #596 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 597 | Joybuy America Seller 2 | Trademark | (Dkt. #3) Exhibit 2: Doe #597 | 6220820 | 1 | 0 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 598 | Joybuy Selection Seller 1 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #598 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 599 | Joybuy Fashion Seller 1 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #599 | 6220820 | 2 | 1 | 1 | Yes | $1,000.00 / Permanently Enjoined |
| 600 | Joybuy Fashion Seller 2 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #600 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |
| 601 | Joybuy Marketplace(U. S) Seller 1 | Trademark and Patent | (Dkt. #3) Exhibit 2: Doe #601 | 4686931, 6220820 | 3 | 1 | 2 | Yes | $1,000.00 / Permanently Enjoined |